# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2020

No. 19-50575
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO RODRIGUEZ-GARCIA, also known as Pedro Garcia-Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-624-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Pedro Rodriguez-Garcia appeals his conviction for illegal reentry into the United States following deportation, a violation of 8 U.S.C. § 1326. In his guilty plea, Rodriguez-Garcia reserved the right to appeal the district court's denial of his motion to dismiss the indictment. *See* FED. R. CRIM. P. 11(a)(2). Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Rodriguez-Garcia argues that his prior removal order was invalid because the notice to appear was defective

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50575

for failing to include the date and time of his removal hearing. According to Rodriguez-Garcia, his prior removal therefore could not support a conviction for illegal reentry under § 1326. Additionally, Rodriguez-Garcia asserts that he is excused from satisfying the § 1326(d) requirements for collaterally attacking his removal order.

The Government has filed a motion for summary affirmance, arguing that Rodriguez-Garcia's challenge is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779). Rodriguez-Garcia contends that *Pedroza-Rocha* and *Pierre-Paul* do not foreclose review because this court in those cases did not address the issue he raises here. Specifically, he argues that the requirements for a notice to appear are statutory and, therefore, the rules of statutory construction require that the statutory notice requirements at issue in *Pereira* apply to the notice to appear in his immigration proceedings as well.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's position is right as a matter of law under *Pedroza-Rocha* and *Pierre-Paul* which specifically held that a defective notice to appear does not deprive the immigration court of jurisdiction. *See Pedroza-Rocha*, 933 F.3d at 492-98; *Pierre-Paul*, 930 F.3d at 689. Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.